

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 16, 1939

Hon. Ben F. Thorpe
County Attorney
Scurry County
Snyder, Texas

Dear Sir:

Opinion No. 0-149
Re: Article 1055 C. C. P.

Your request for an opinion on the following ques-
tions:

"1. Is the county attorney allowed half
fees from the county in cases where defendant
pleads guilty, or convicted on trial, and defen-
dant lays out his fine in jail?

"2. Is constable entitled to half of his
mileage fees on misdemeanor cases laid out in
jail?

"3. Is constable entitled to collect from
county either half or all of mileage fees when
travels to another county to return prisoner
to constable's own county for trial and trial
results in conviction of some misdemeanor with
which the prisoner stands charged?"

has been received by this Department.

You are respectfully advised that on January 11,
1939, in opinion No. 0-52, this Department held that the
amendment to Article 1055 of the Code of Criminal Procedure
was void as unconstitutional. A copy of this opinion is
enclosed herewith to which reference is here made for all
purposes.

Under this opinion questions Nos. 1 and 2 are answered in the negative. The constable is not entitled to any fee where the defendant lays out his fine in jail.

In answer to question No. 3 you are respectfully advised that the constable would not be entitled to collect any fee from the county under such circumstances as outlined in question No. 3.

The enclosed opinion above referred to, holds that the old Article 1055 of the Code of Criminal Procedure which provided that officers should receive half fees when convicts worked out their fines either upon the public roads or upon the county farm is still in effect.

Very truly yours

ATTORNEY GENERAL OF TEXAS


BY (Signed) Wm. J. Fanning
Assistant

WJF:AW

APPROVED

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ENCLOSURE